**SIGNED THIS: July 14, 2014**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No. 12-71112 |
| JOHN BONE and ) | |
| AMBER BONE, ) | |
| ) | Chapter 13 |
| Debtors. ) | |

# O P I N I O N

Before the Court is the Chapter 13 Trustee's Motion to Reconsider. The Motion to Reconsider relates to an oral decision of the Court allowing the Debtors' Amended Motion to Modify or Amend Chapter 13 Plan. Although the Trustee agrees that the Debtors' Amended Motion was properly granted, the Trustee seeks reconsideration of the Court's refusal to subsequently enter a written order submitted by the Trustee and Debtors' counsel which not only granted the

Amended Motion but also implicitly allowed an amended claim filed by the Debtors' attorney on behalf of a creditor. Because the Chapter 13 Trustee has failed to establish that the Court's refusal to enter the order — which included approval of a matter not actually before the Court— was in error, the Motion to Reconsider will be denied.

## I. Factual and Procedural Background

John and Amber Bone ("Debtors") filed their voluntary petition under Chapter 13 on May 11, 2012. On that same day, they filed a Chapter 13 Plan which proposed to pay a real estate tax obligation as a priority debt in the amount of $3369.30 to a creditor not specifically named in the Plan. The Debtors' Schedule E - Creditors Holding Unsecured Priority Claims filed with the petition listed a debt in the same amount owed to the Logan County Clerk for 2010 real estate taxes and also provided for notice to Charles Bellemey who was identified as the purchaser of the 2010 "sold taxes."

In response to objections from the Trustee, the Debtors filed a First Amended Plan on July 31, 2012, and a Second Amended Plan on October 9, 2012. The provision for the payment of the unnamed creditor for real estate taxes in the amount of $3369.30 as a priority claim remained the same in both the First Amended Plan and Second Amended Plan. The Second Amended Plan was confirmed without objection on November 9, 2012.

Neither the Logan County Clerk nor Charles Bellemey filed a claim for the real estate taxes proposed to be paid through the confirmed Second Amended

Plan. On November 19, 2012, the Debtors' attorney filed a priority claim on behalf of the Logan County Clerk in the amount of $3369.30 for real estate taxes.

On March 19, 2014, the Debtors filed a Motion to Modify or Amend Plan and later that same day filed an Amended Motion to Modify or Amend Plan ("Amended Motion"). In their Amended Motion, the Debtors recited the provisions of their confirmed Second Amended Plan regarding the payment of the 2010 real estate taxes and added that at the time of confirmation, they were also past due on their 2011 real estate taxes. The Debtors said that they intended to use an income tax refund to pay the 2011 real estate taxes but instead used the refund money to pay mortgage arrearages. The Debtors asserted that the 2011 taxes should be added to the Second Amended Plan and paid as a secured claim. They proposed to increase their monthly payments to the Trustee to cover the amounts required to be paid for the 2011 real estate taxes.

The Trustee responded in writing to the Amended Motion. The Trustee noted that in order for the proposed modification to be effectuated, a claim had to be filed. The Trustee raised the question of whether the claim previously filed by the Debtors for the 2010 real estate taxes could be amended or whether a new claim would be required.

A hearing was held April 15, 2014, on the Amended Motion. The Debtors' attorney began his presentation by stating that earlier in the day he had filed a claim on behalf of Logan County for the 2011 real estate taxes. When questioned about the authority for him to file a claim for the creditor at this stage in the case, the Debtors' attorney stated that he believed his actions were permissible because

-3-

the claim would be "treated as secured." The Trustee added that he understood the Bankruptcy Rules to provide that secured creditors had no deadline to timely file claims. Accordingly, he concluded that if debtors have thirty days to file a claim for a creditor after the creditor's own deadline to file the claim expires, then there can be no deadline for debtors to file claims on behalf of secured creditors.

After hearing the arguments of the parties, this Court stated the Amended Motion would be granted but that no order would be entered, and none should be presented, which purported to allow the claim filed that day for the 2011 real estate taxes. The Court acknowledged that the issue of the allowance of the claim was not formally before it and specifically stated that if the Debtors filed the claim and the Trustee paid it, the matter would not come back before the Court and the Court would "never know." But the Court cautioned the parties that it thought the claim filing was problematic and they should not attempt to fix the problem by including approval of the claim filing in the order approving the modification. The parties asked for time to prepare and submit an agreed order and were given fourteen days to do so.

Notwithstanding the Court's comments at the hearing, the initial agreed order submitted by the parties provided that the Trustee was to pay both the 2010 and 2011 real estate taxes "pursuant to the Amended Claim 16" — the claim filed the day of the hearing by the Debtors' attorney. The Court sent a deficiency notice requesting that the language which implicitly allowed the claim be deleted. The parties then submitted another agreed order stating that the Trustee "shall pay both the 2010 and 2011 Logan County Real Estate taxes[.]" Because, as the

-4-

Trustee noted in his objection to the Amended Motion, a properly filed claim is a prerequisite to the Trustee disbursing payments pursuant to a plan, the language of the second proposed agreed order which ordered the Trustee to pay the amounts included in the recently-filed claim would have implicitly allowed that claim. A deficiency notice was sent, again asking that the problematic language be deleted and a corrected order be filed. Instead of filing a corrected order, however, the Trustee filed a response to the deficiency notice asserting that, because the claim filed in November 2012 by the Debtors for the 2010 real estate taxes was timely filed, that claim could be amended to include the 2011 taxes.

On May 9, 2014, this Court entered an Order giving the parties an additional fourteen days to submit the previously-promised agreed order or to file a motion to reconsider with a supporting memorandum. Within the allotted time, the Trustee filed his Motion to Reconsider and a Memorandum in support of his Motion. The Debtors filed neither a corrected order nor any motion.

The Trustee's Motion to Reconsider and Memorandum assert that there is a difference between the Debtors filing a new claim for Logan County at this stage in the case and the Debtors amending the previously-filed claim. The Trustee claims that because the Debtors' attorney said he filed a claim on the date of the hearing rather than clarifying that he had filed an amended claim, the Court was misled. The Trustee suggests that had the Court known that what was filed was an amended claim rather than a new claim, the Court would have readily approved the filing. Further, although the Trustee acknowledges that the allowance or disallowance of the claim was not directly before the Court at the

time of the hearing, he argues that the language in the proposed agreed orders authorizing and, in fact, ordering the amounts set forth in the amended claim to be paid by him, does not actually allow the amended claim. Finally, the Trustee asserts that absent an objection, the amended claim is deemed allowed and that by refusing to put language in the order directly authorizing the payment of the amended claim, this Court is interfering with the Trustee's ability to carry out the terms of the modification that the Court said it would approve. Because none of the Trustee's arguments provide a basis to reconsider this Court's prior ruling, the Motion to Reconsider will be denied.

## II. Jurisdiction

This Court has jurisdiction over the issues presented here pursuant to 28 U.S.C. §1334. Issues regarding the modification of confirmed Chapter 13 plans and the allowance of claims are core proceedings. 28 U.S.C. §157(b)(2)(A),(B),(L).

## III. Legal Analysis

*A. The Debtors' Amended Motion was Properly Granted*

The Debtors' Amended Motion generally complied with the requirements for the modification of a confirmed plan and granting the Amended Motion was not in error. This Court has recently discussed the statutory requirements for plan modifications. *See In re Wills*, 2014 WL 2442275, at *3-4 (Bankr. C.D. Ill. May 30, 2014); *In re Powers*, 507 B.R. 262, 274 (Bankr. C.D. Ill. 2014); *see also* 11 U.S.C. §1329. A proposed modification must be of the type expressly authorized by statute and must comply with all of the applicable Code provisions including being

feasible and proposed in good faith. *Powers*, 507 B.R. at 274.

Here, the Debtors' Amended Motion may be construed as a proposal to increase payments to a class of creditors, which is a permissible modification. 11 U.S.C. §1329(a)(1). The proposal is a little confusing because the Second Amended Plan did not clearly classify creditors, and the real estate tax obligation was labeled as a priority debt when, in fact, it should have been described as a secured debt.[1] Governmental claims for real estate taxes are entitled to priority status only if the debt is unsecured. 11 U.S.C. §507(a)(8)(B). Under Illinois law, however, real estate taxes are "a prior and first lien on the property, superior to all other liens and encumbrances[.]" 35 ILCS 200/21-75. Thus, real estate taxes accruing as to Illinois properties will almost always be secured and should be treated accordingly in Chapter 13 plans. The Debtors' Amended Motion adds further confusion by referring to the 2011 real estate taxes as a secured debt but actually proposing to modify payments on what they classified as priority debt in their Second Amended Plan.

Notwithstanding the lack of precision in the drafting of the Second Amended Plan and the Amended Motion, the Debtors did provide for the payment of real estate taxes to Logan County in their confirmed plan and, under the circumstances presented, increasing payments to that class of creditors is permissible. 11 U.S.C. §1329(a)(1).

---

[1] In 2013, this Court introduced a model form Chapter 13 plan, the use of which became mandatory in the Central District of Illinois, Springfield Division, on January 1, 2014. The model form plan requires the precise classification of claims and provides specifically for the classification of real estate taxes claims as secured.

-7-

Likewise, the other requirements to approve a plan modification have been satisfied. The Debtors proposed to increase their payments to the Trustee to cover the additional payments to Logan County and represented that they were not seeking to reduce payments to other creditors to fund the added debt. The Trustee has indicated, however, that because many unsecured creditors did not file claims, the amounts already committed to be paid by the Debtors will be sufficient to cover the additional amounts proposed to be paid to Logan County. This information suggests that the proposed modification is feasible and made in good faith. 11 U.S.C. §§1325(a)(3),(6), 1329(b)(1). Notice of the proposed modification was sent to all parties in interest and no objections, other than the limited objection of the Trustee, were filed. 11 U.S.C. §1329(b)(2). The Trustee's objection related to the need to have a claim filed in order to effectuate the modification and was not an objection to the proposed modification itself. Accordingly, the proposed modification was properly allowed.

*B. The Court Did Not Err by Refusing to
Implicitly Allow the Amended Claim*

The Amended Claim was filed shortly before the April 15th hearing on the Debtors' Amended Motion. No issues regarding the allowance or disallowance of the Amended Claim were pending and, accordingly, nothing was before the Court at the time of the hearing regarding the Amended Claim. Thus, the Court properly declined to enter an order which implicitly allowed the Amended Claim.

The Trustee argues that neither of the proposed orders implicitly allow the Amended Claim. But that is not accurate. The first proposed order specifically

directed the Trustee to pay "Amended Claim 16." The second proposed order, although not directly referring to the Amended Claim, directed the Trustee to pay the 2011 real estate taxes which are the subject of the Amended Claim. There is no fair reading of either proposed order which would suggest that the Court in signing either order would not be implicitly allowing the Amended Claim. Implicit in any order which actually directs the Trustee to pay a specific claim is allowance of the claim.

As set forth above, the modification of the Second Amended Plan was properly allowed. If, at the hearing, the Debtors' attorney had reported that Logan County officials were in the process of preparing a claim for the 2011 real estate taxes instead of reporting that he had filed the claim himself, the proposed modification would have been granted just as it was. But it is unlikely that the Trustee would have agreed to an order directing him to pay a debt for which no claim had yet been filed. To the contrary, the Trustee himself raised the very issue in his limited objection to the Amended Motion by stating that he did not object to the modification but that a claim had to be filed in order for him to distribute funds. Orders confirming plans or approving modifications of plans do not routinely include language directing the Trustee to pay particular creditors, and the Trustee would rightly object to any order directing him to pay a creditor with no claim on file. Consideration of the merits of the Amended Motion required an analysis separate and distinct from the allowance or disallowance of the Amended Claim and, because only the Amended Motion was before the Court, the order to be entered must be limited to allowance of the proposed modification.

As an alternative argument to his position that the proposed orders do not

implicitly allow the Amended Claim, the Trustee asserts in his Motion to Reconsider that the Amended Claim is so obviously allowable that inclusion of language in the proposed order directing payment of the Amended Claim is appropriate. The Trustee's alternative arguments also fail.

The Trustee correctly points out that a claim to which no objection is filed is "deemed allowed." 11 U.S.C. §502(a). But the Trustee has a duty to review claims and object when appropriate to do so. 11 U.S.C. §§704(a)(5), 1302(b)(1). And as this Court stated at the April 15th hearing, if the Trustee reviews the Amended Claim and finds no purpose would be served in objecting to it, then he pays it, and the Court has no involvement in the matter. Clearly, the Trustee may rely on the "deemed allowed" language of the statute if he chooses to do so. Proceeding in that manner, however, does not entitle the Trustee to a comfort order implicitly allowing the Amended Claim and providing him with cover for not objecting to what may be an improperly-filed claim.

The Trustee also argues that because the Amended Claim is not a new claim but rather purports to amend a timely-filed claim, no issues of timeliness arise and allowance of the Amended Claim should be routine. This argument ignores that fact that the Code does not provide for the routine allowance of claims to which no objections have been filed. And the Trustee misstates the law regarding the filing of claims by debtors for creditors and the limits on post-bar-date claim amendments.

At the April 15th hearing, the Trustee suggested that the Rules provide no deadline for the timely filing of claims by secured creditors and, therefore, there is no deadline for a debtor to file a claim on behalf of a secured creditor. But his

-10-

comments were an imprecise summary of the relevant Rules.

A Chapter 13 debtor may file a claim for a creditor who did not "timely file a proof of claim under Rule 3002(c)" within thirty days after the expiration of the creditor's deadline. Fed. R. Bankr. P. 3004. The deadline for creditors to file claims in Chapter 13 cases is set forth in Rule 3002 and is generally ninety days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 3002(c). The deadline for governmental units to file claims is 180 days after the order for relief. Fed. R. Bankr. P. 3002(c)(1). The deadlines for the timely filing of claims apply to all creditors and no distinction is made in Rule 3002(c) between secured or unsecured claimants.

Unsecured creditors must file a proof of claim in order to be paid through a Chapter 13 plan. Fed. R. Bankr. P. 3002(a). The Rules do not expressly require a secured creditor to file a claim in order to be paid, but the clear weight of case law authority — at least in the Seventh Circuit — holds that a claim must be filed for a secured creditor to receive a distribution. *See In re Mehl*, 2005 WL 2806676, at *1 (Bankr. C.D. Ill. Oct. 25, 2005) (Perkins, J.) (collecting cases). But because the Rules create no penalty for an untimely-filed secured claim, secured creditors who miss the Rule 3002(c) deadlines may still have their claims allowed. *Id.* at *3.

The Trustee argues that there is technically no deadline for secured claims to be filed. The *Mehl* decision supports that position. *Id.* This Court would suggest that it would be more accurate to say that the Rule 3002(c) deadlines apply to all creditors but secured creditors are not punished with claim disallowance for missing the deadlines. Either way, Rule 3004, which allows a debtor to file a claim for a creditor, refers specifically to the deadlines in Rule 3002(c) and allows

-11-

debtors to file claims for creditors only within the thirty days after the Rule 3002(c) deadlines expire. Contrary to the Trustee's argument, there is no broad grant of authority in Rule 3004 which could be construed as allowing a debtor to file a claim for a secured creditor at any time during the pendency of a case.

Here, the Debtors' attorney filed the initial claim for Logan County within thirty days after the expiration of the 180-day deadline for governmental units to file their own claims. But the Amended Claim was filed eighteen months later, well outside the time authorized by the Rules. No extension of time was sought by or granted to the Debtors to file an additional claim on behalf of Logan County. *See* Fed. R. Bankr. P. 9006(b)(1). Thus, to the extent the Amended Claim represents a new claim, it was not timely filed and would properly be disallowed.

The Trustee says that the Amended Claim is not a new claim. He argues that claims may be freely amended and that if the original claim was timely — and it was — then the Amended Claim is also timely. But although claims may be amended and leave of court, if required, should be liberally granted, all amended claims cannot just be allowed and paid as timely filed. To the contrary, to be allowed, an amended claim must relate back to the original claim and arise out of the same transaction or occurrence. *See In re Stavriotis*, 977 F.2d 1202, 1206, n.4 (7th Cir. 1992). When taxes are the subject of a claim, taxes due for different years are generally considered to be distinct claims which would not satisfy the relation-back requirement. *Id.*; *see also In re Nelson*, 2012 WL 2415553, at *5 (Bankr. N.D. Ill. June 26, 2012). Thus, it is questionable whether the Amended Claim which adds real estate taxes for a different year than the taxes included in the original claim can relate back and be considered timely.

The Court does not decide here whether, if objected to, the Amended Claim would be allowed or disallowed. Rather, the Court raises the issues to point out that the Trustee's insistence in including implicit allowance of the Amended Claim in the order granting the plan modification is inappropriate. No issues involving the Amended Claim were before the Court at the April 15th hearing and, accordingly, no order should be entered addressing the allowance of the Amended Claim.

### IV. Conclusion

The Debtors' Amended Motion was properly allowed, and the Debtors may pay their 2011 real estate taxes through their confirmed Second Amended Plan. As the Trustee pointed out in his limited objection, in order for him to disburse funds, a proper claim must be on file. The initial burden to review claims is on the Trustee. He can pay the Amended Claim filed by the Debtors' attorney under the "deemed allowed" theory or he can object to it. In the absence of an objection, however, this Court cannot fully consider whether the Amended Claim should be allowed or disallowed and will not enter an order implicitly allowing the Amended Claim. The Trustee's Motion to Reconsider must be denied. And because the parties failed to submit an order on the Amended Motion, the Court will also enter its own order approving the plan modification proposed by the Debtors.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###